IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/2020

REGINA LEWIS

    Plaintiff,

v.

NEWBURGH NISSAN NORTH AMERICA

    Defendants,

RULE 60 b (6)

04 Cv. 562

This motion is DENIED. A Rule 60 motion must be brought "no more than a year after the entry of the judgment" (Fed. R. Civ. P. 60(c)(1)); in this case, entry of judgment was in 2005 -- 14 years before Plaintiff filed this motion in late 2019. Plaintiff has previously been warned not to file successive frivolous documents, and "[i]f Plaintiff continues to do so, the Court may order sanctions and bar Plaintiff from filing any documents in this case" (Dkt. No. 106). Plaintiff is further warned, per the most recent Mandate from the Second Circuit (Dkt. No. 95), "Appellant has filed a number of frivolous matters in this court . . . . Appellant is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require Appellant to obtain permission from this Court prior to filing any further submissions in this Court . . . . Appellant is also reminded that, in July 2015, the district court imposed a three-strikes order against her under 28 U.S.C. § 1915(g)." This is Appellant's final warning. Upon the next frivolous filing, Appellant will be sanctioned. The Clerk of Court is respectfully directed to close Dkt. No. 110. SO ORDERED.

Dated: January 9, 2020
    New York, New York



LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

1

# CONSTITUTIONAL AND STATUTORY PROVISIIONS INVOLVED

28 U.S.C. § 1654

## STATUTES AND RULES

28 U.S.C. § 1654

Federal Rules of Civil Procedures, Rule 17, 28 USCA

Federal Rules of Civil Procedure 60 b (6)

## STATEMENT OF THE CASE

On July 19, 2005 the District court abused its discretion by making a merits determination and dismissing my complaint with prejudice and for failing to conduct a *sua sponte* inquiry into my competency and whether it would be appropriate to appoint a *guardian ad litem*, see *Lewis v. Newburgh Housing Authority 16-613 (S.D.N., Y 2017)*.

I file my Rule 60 (b) motion to vacate the judgment, (6) any other reason that justifies relief. Exceptional circumstances apply and newly- discovered evidence demonstrates that: (1), the newly discovered evidence is of facts that existed at the time of the dispositive proceeding; (2), I was justifiable ignorant of them despite due diligence, (3), the evidence is admissible and of such importance that it probably would have changed the outcome, and (4), the evidence is not merely cumulative or impeaching. See *U.S. v. International Broth. Of Teamsters, 247 F .3d 370 (2001)*. *Dunlap v. Pan American Airways, Inc. 672 F.2d 1044*.

Rule 60(b) (4) of the federal rules of Civil procedure provides that a court can relieve a party from a final judgment if the judgment is void, and the appellate court has held that judgment is void when the court "acted in a manner inconsistent with the due process of law." *Fustok v. ContiCommodity Services, Inc. 873 F.2d 38*.

3

## PRO SE RIGHTS:

The practice of law is an occupation of common right." *Sims v. Aherns, 271 SW 720 (1925)*.

*Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v. Wainwright, 372 U.S. 335; Argersinger v. Hamlin, Sheriff 407 U.S. 425,* Litigants can be assisted by unlicensed laymen during judicial proceedings.

*Conley v. Gibson, 355 U.S. 41 at 48 (1957)*, "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

*Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449,* "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

*Elmore v. McCammon (1986) 640 F. Supp. 905,* "... the right to file a lawsuit *pro se* is one of the most important rights under the constitution and laws."
*Federal Rules of Civil Procedures, Rule 17, 28 USCA "Next Friend"* A next friend is a person who represents someone who is unable to tend to his or her own interest.

*Haines v. Kerner, 404 U.S. 519 (1972)*, "Allegations such as those asserted by petitioner, however unartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

*Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233,* Pro se pleadings are to be considered without regard to

technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

*Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)*, "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

*NAACP v. Button, 371 U.S. 415)*; *United Mineworkers of America v. Gibbs, 383 U.S.715; and Johnson v. Avery, 89 S. Ct. 747 (1969)*, Members of groups who are competent non-lawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law."

*Picking v. Pennsylvania Railway, 151 F.2d. 240*, Third Circuit Court of Appeals, the plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

*Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA)*, It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).

*Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982)*, "Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

*Sherar v. Cullen, 481 F. 2d 946 (1973)*, "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

*Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239*, "The practice of law cannot be licensed by any state/State."

5

*Sims v. Aherns, 271 SW 720 (1925)*, "The practice of law is an occupation of common right."

# CONSTITUTIONAL RIGHTS
# REASONS FOR GRANTING RELIEF

*Boyd v. United, 116 U.S. 616 at 635 (1885)*, Justice Bradley, "It may be that it is the obnoxious thing in its mildest form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy encroachments thereon. Their motto should be Obsta Principiis."

*Downs v. Bidwell, 182 U.S. 244 (1901)*, "It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgment in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."

*Gomillion v. Lightfoot, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649.644*, "Constitutional 'rights would be of little value if they could be indirectly denied."

*Juliard v. Greeman, 110 U.S. 421 (1884)*, Supreme Court Justice Field, "There is no such thing as a power of inherent sovereignty in the government of the United States... In this country, sovereignty resides in the people, and Congress can exercise power which they have not, by their Constitution, entrusted to it. All else is withheld."

*Mallowy v. Hogan, 378 U.S. 1,* "All rights and safeguards contained in the first eight amendments to the federal Constitution are equally applicable."

*Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603,* "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them."

*Norton v. Shelby County, 118 U.S. 425 p. 442,* "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed."

*Perez v. Brownell, 356 U.S. 44, 7; 8 S. Ct. 568, 2 L. Ed. 2d 603 (1958),* "...in our country the people are sovereign, and the government cannot sever its relationship to them by taking away their citizenship."

*Sherar v. Cullen, 481 F. 2d 946 (1973),* "There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights."

*Simmons v. United States, 390 U.S. 377 (1968),* "The claim and exercise of a Constitution right cannot be converted into a crime"... "a denial of them would be a denial of due process of law".

*Warnock v. Pecos County, Texas., 88 F3d 341 (5th Cir. 1996),* Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

# CORRUPTION OF AUTHORITY:

"No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." <u>Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882)</u>

Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process. *<u>Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694</u>

Society's commitment to institutional justice requires that judges be solicitous of the rights of persons who come before the court. *<u>Geiler v. Commission on Judicial Qualifications, (1973) 10 Cal.3d 270, 286</u>

Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process. *<u>Gonzalez v. Commission on Judicial Performance, (1983) 33 Cal. 3d 359, 371, 374</u>.

"Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy." <u>Olmstad v. United States, (1928) 277 U.S. 438</u>.

## CONCLUSION

The motion for Rule 60 b (6) should be granted because constitutional and statutory provisions are involved. The court has abused its discretion. The right to appear pro se in a civil case in federal court is defined by statute 28 U.S.C. § 1654.

"Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them." *Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603* "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed."

"An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County, 118 U.S. 425 p. 442.* "

Respectfully submitted,