UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                   :
  REGINA LEWIS,                                    :
                                  Plaintiff,       :
                                                   :
              -against-                            :        04 Civ. 562 (LGS)
                                                   :
  NISSAN NORTH AMERICA, INC. CORP.,                :        ORDER
                                  Defendants.      :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, judgment was entered in favor of Defendants on July 19, 2005, and the case

has been closed since that date (Dkt. Nos. 69, 72);

        WHEREAS, the Plaintiff was notified that she should not file frivolous documents with

the Court and that should she continue to do so, the Court may order sanctions and bar Plaintiff

from filing any documents in this case (Dkt. No. 106);

        WHEREAS, in July 2019, fourteen years after entry of judgment, Plaintiff filed a Rule 60

motion, which was denied.  The Court warned Plaintiff that upon the next frivolous filing,

Plaintiff will be sanctioned (Dkt. No. 111);

        WHEREAS, in August 2020, Plaintiff filed a letter styled as a Rule 52(b) and Rule

60(b)(6) motion.  It is hereby

        **ORDERED** that Plaintiff's motion is DENIED.  The motion, filed fifteen years after

entry of judgment, is untimely whether brought under Rule 52(b) or Rule 60(b)(6).  A Rule 52(b)

motion must be filed no later than 28 days after the entry of judgment, *see* Fed. R. Civ. P. 52(b),

and a Rule 60(b)(6) motion must be filed within a reasonable time, *see* Fed. R. Civ. P. 60(c)(1).

Plaintiff is reminded that per the most recent Mandate from the Second Circuit (Dkt. No. 95),

"Appellant has filed a number of frivolous matters in [the Court of Appeals]. . . .  Appellant is . . .

warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require Appellant to obtain permission from [the Court of Appeals] prior to filing any further submissions in [the Court of Appeals]," and that "in July 2015, [this Court] imposed a three-strikes order against her under 28 U.S.C. § 1915(g)."  It is further

**ORDERED** that within thirty days of this Order, Plaintiff shall submit a declaration setting forth good cause why this Court should not bar Plaintiff from filing any further documents in this case except for those captioned for the United States Court of Appeals for the Second Circuit.  If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this sanction should not be entered, she will be barred from filing any further documents in this case except for those captioned for the United States Court of Appeals for the Second Circuit.

Dated:  November 6, 2020
       New York, New York

                                 LORNA G. SCHOFIELD
                            UNITED STATES DISTRICT JUDGE