IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

REGINA LEWIS,
    Plaintiff,
v.
NISSAN NORTH AMERICA INC. CORP. *et al.*
    Defendants,

---

RECEIVED
SDNY PRO SE OFFICE

2021 FEB 26  AM 9: 52

*Motion Rule 60(b)(3)(6)*
*Plain Error 52 (c)*
04Cv.562

    Adjudicate or to resolve disputes, do so by interpreting or implying the law to the specific facts that are presented to cases that are brought to them. As I have already said, the court's decision is an abuse of discretion, see *Lewis v. Newburgh Housing Authority 16-613*. I have read no authority that authorizes a judge the power to order me to go the appellate court. That is clearly giving legal advice. A judge is not allowed to give legal advice; therefore, the court has rendered a decision that cannot be located within the permissible range of decisions *see* your own precedent, *In re Sims, 534 F.3d 117, 132 (2d Cir. 2008)*. The court's legal advice for me to take my case to the appellate court and for the court to disregard any filings in this atter is a decision that cannot be located within the permissible range of decisions and thus that is not a record that I may take up on appeal and therefore, the court has decided in plain error. Plain error is an error declared by an appellate court to be patently obvious in a lower court decision or action and causes a reversal. When a defendant raises an issue on appeal that was not raised before the judge, the court of appeals may review for plain error. Federal procedural rules define plain error as a highly prejudicial error affecting substantial rights. Rule 52(b). Since the court refuses to acknowledge its plain error and the error is affecting my substantial rights to meaningful access to the court this is fraud upon the court. Fraud on the court, *Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985)*, Judicial misconduct occurs when a judge acts in ways that are considered unethical or otherwise violate the judge's obligations of impartial conduct. *[Allen v. Hawley, 74 Fed. Appx. 457, 459-460 (6th Cir. Mich. 2003)]*. As far as I know, a judge makes a judicial review, by deciding what the law is and not by writing law. The normal process of judicial review is a process by which a court decides upon constitutionality of legislative enactments and executive actions. Rescission is a statutory and equitable remedy which restores the parties to the condition they were in prior to execution of the agreement. Rescission occurs by mutual consent or following unilateral notice with an offer to restore from the rescinding party under certain statutory conditions.

## The Genuine Issue of Material Fact

The court did the wrong thing with law given the facts. The Genuine Issue of Material Fact that precluded summary judgement as to:

- The right to rescind.
- As to the validity of the contract
- The responsibility of the defendants based on internal communication of faxes between the defendants NMAC to Newburgh Nissan, in which, the defendant NNMAC notified Newburgh Nissan after I had already left with the vehicle and no contract that the documents required to submit a loan for approval were unsigned and incomplete and required my signature prior to approval and the defendant Newburgh Nissan was required to correct the inflated interest rate that the dealership had inflated. be addressed was that the dealership inflated the interest rate and had to correct it.
- As to why I had not been provided with a copy of the 'contract" when I left the dealership defendant Newburgh Nissan.
- As to why I was asked to sign a blank contract in the first place.
- As to whether misrepresentations that I relied on can be said to be a contract.
- As to the fraud of Five Hundred Dollars for <u>Track Guard</u> that was also included in the financing. According to the NYS Attorney General Track Guard does not exist and even if it did the defendants were not licensed to sell insurance products of this sort in the first place.
- As to the GAP insurance that I was never advised of or offered to cover the Ten Thousand Dollars in negative equity that was not covered if the vehicle was totaled,
- As to the $10,000 left owing the defendant NMAC after REPO and auction.
- As to the fraud concerning the extended warrantee that cost nearly Two-Thousand Dollars that I was not advised of that was also included in the financing making my monthly payment for a 2002, standard Nissan Xterra a whopping $549.99 a month.

The defendants remain liable, under a continuing violation doctrine. The defendants must compensate me <u>$549.99 times three in treble damages</u> for every month the issue has not been addressed for the past twenty years.

The court violated my Seventh Amendment right to a trial when I was not allowed to present these issues to a jury. The court made a merits determination and dismissed my claims with prejudice and this alone is plain error. Therefore, the continuing violation doctrine overrides any statute of limitations see, *Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004)*. Finally, the court must comply with its own precedent. My rights redress and a trial are statutory.

Yours truly,
Regina Lewis

February 22, 2021

This motion is construed as a motion for reconsideration of the Court's January 19, 2021, Order, barring pro se Plaintiff from filing any further documents in this case except for those captioned for the Court of Appeals, and is DENIED.

A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted).  Plaintiff does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice, warranting reconsideration of the January 19, 2021, Order.

The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff.

Dated: March 3, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Regina Lewis
21 Kenney Ct.
Newburgh NY 12550

ALBANY NY 120
23 FEB 2021 PM 2 L

USPS Pro Se JKR

U.S. District Court
500 Pearl St.
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2021 FEB 26 AM 9:50